IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Denniston, | ) | C.A. No.: 2:15-cv-04294-CWH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| The Boeing Company and Christopher | ) | |
| Atkinson, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, represented by counsel at the time, filed the instant action on October 20, 2015. (*See* Dkt. No. 1.) On March 7, 2016, Plaintiff's counsel moved to be relieved as counsel of record for the Plaintiff. (*See* Dkt. No. 19.) In that motion, Plaintiff's attorneys stated that they sought to withdraw because, *inter alia*, "the representation . . . has been rendered unreasonably difficult by the client." (*Id.* at 1 of 3.) Plaintiff consented to counsel's request to withdraw. (*Id.* at 2; *see also* Dkt. No. 19-1.)

On March 8, 2016, this Court granted the motion of Plaintiff's counsel to withdraw. (Dkt. No. 20.) That Order stated, "Plaintiff has thirty (30) days from the date of this Order to retain new counsel or to indicate his intention to proceed *pro se*, that is to say that he will represent himself in this matter." (Dkt. No. 20.)[1]

When the thirty-day period referenced in the March 8, 2016 Order passed with no response

---

[1] That Order also stated as follows:
Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

(Dkt. No. 20 at 1-2 of 2.)

1

from the Plaintiff, the undersigned issued an Order on April 14, 2016, giving Plaintiff until May 4, 2016, to comply with the Order dated March 8, 2016. (Dkt. No. 27.) The April 14, 2016 Order stated, *inter alia*,

> The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 27 at 1-2.)

Plaintiff failed to respond to the Court's Order dated March 8, 2016; he also failed to respond to the Court's Order dated April 14, 2016. (*See* Dkt. No. 20; Dkt. No. 27.)

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

The Clerk of Court shall mail this Report and Recommendation to Plaintiff at 114-19 145th Street, Jamaica, NY 11436, and email a copy of this Report and Recommendation to Plaintiff at madenniston76@gmail.com, the last known contact information for Plaintiff.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 11, 2016
Charleston, South Carolina

**Plaintiff's attention is directed towards the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).