IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Denniston, | ) |
|     Plaintiff, | ) Case No.: 2:15-cv-04294-CWH |
| vs. | ) **ORDER** |
| The Boeing Company and Christopher Atkinson, | ) |
|     Defendants. | ) |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Mary Gordon Baker recommending that this action be dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders. For the reasons set forth in this Order, the Court adopts the R&R (ECF No. 29) and grants the defendants' motion to dismiss with prejudice (ECF No. 24).

## I. BACKGROUND

On October 20, 2015, Michael Denniston (the "plaintiff"), represented by counsel, filed this action, alleging violations of the Family and Medical Leave Act and the Americans with Disabilities Act. (Compl. ¶¶ 35, 53, ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) DSC, the case was referred to the magistrate judge for pre-trial proceedings and an R&R.

On March 7, 2016, counsel for the plaintiff filed a motion for withdrawal of appearance and to stay proceedings for thirty days. (ECF No. 19). On March 8, 2016, the magistrate judge issued an Order ("March 8th Order") granting counsel's motion and staying the proceedings for thirty days in which time the plaintiff was ordered "to retain new counsel or to indicate his



intention to proceed pro se . . . ." (Order 1, Mar. 8, 2016, ECF No. 20). The Order further gave specific notice to the plaintiff that failure to comply with the Order or failure to meet a deadline may result in the dismissal of his case. (Id.). A copy of the Order was mailed to the plaintiff on March 8, 2016. (See ECF No. 22).

After the deadline for the plaintiff to respond expired, the magistrate judge issued an Order on April 14, 2016, giving the plaintiff until May 4, 2016 to comply with the March 8th Order and advising the plaintiff that failure to respond would subject the action to dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's orders. (Order 1-2, Apr. 14, 2016, ECF No. 27). A copy of the Order was mailed to the plaintiff on April 14, 2016. (See ECF No. 28).

The plaintiff failed to respond to the Court's orders. Because of the plaintiff's failure to prosecute and failure to comply with the Court's orders, on May 12, 2016, the magistrate judge issued an R&R, recommending the action be dismissed with prejudice pursuant to Rule 41(b) and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam). (R&R 2). The R&R specifically advised the parties of the procedures for filing objections thereto and the consequences if they failed to do so. (R&R 3). No objections have been filed.

## II. STANDARD OF REVIEW

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to the Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 270-71. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit



the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the Court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. See United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In the present case, no objections to the R&R have been filed. Therefore, the Court reviews the R&R only for clear error. "'A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (alteration in original) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

### III. DISCUSSION

Rule 41(b) governs involuntary dismissals, providing: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action . . . . Unless the dismissal order states otherwise, a[n] [involuntary] dismissal . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "[D]ismissal with prejudice is a harsh sanction which should not be invoked lightly . . . ." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citation omitted). In considering a motion to dismiss with prejudice, the Court must consider:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.



Id. (citing McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)); see also Chandler Leasing Corp., 669 F.2d at 920 (citation omitted) (stating the same).

First, the plaintiff has failed to retain new counsel and has failed to indicate whether he wishes to proceed pro se. Because he is unrepresented, he alone bears responsibility for his failure to respond to the Court's orders. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) ("[Pro se litigants] . . . are subject to the time requirements and respect for courts orders without which effective judicial administration would be impossible."). Second, although the defendants do not allege what prejudice the plaintiff has caused them by his delays, such failure to prosecute his claims leaves the litigation in a state of uncertainty. Third, the plaintiff has ignored two Court orders, both of which warned him of the consequences of failure to comply. Finally, given these warnings, the Court has "little alternative to dismissal. Any other course would [place] the credibility of the [C]ourt in doubt and invite[] abuse." Id. at 96.

## IV. CONCLUSION

After reviewing the record in this case, the applicable law, and the magistrate judge's R&R under a "clear error" lens, the Court agrees with the conclusions of the magistrate judge and finds that the plaintiff has failed to prosecute and failed to comply with the Court's orders. Therefore, the Court adopts and incorporates the R&R (ECF No. 29) by reference in this Order. The Court grants the defendants' motion to dismiss (ECF No. 24). The plaintiff's action is hereby dismissed in its entirety with prejudice.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

June 3, 2016
Charleston, South Carolina